1  Ralph C. Loeb, Esq. (SBN#124773)
   Email: ralph@kranesmith.com
2  **KRANE & SMITH**
   16255 Ventura Boulevard
3  Suite 600
   Encino, CA 91436
4
   Telephone: (818) 382-4000
5  Facsimile: (818) 382-4001

6  Attorneys for Plaintiff
   NANCY HAREWOOD
7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 | NANCY HAREWOOD, an              | LEAD CASE NO.: CV12-07448 GAF (JCGx)
   | individual,                     | Consolidated for all purposes with
12 |                                 | Case No. CV 12-07992 GAF(JCGx)
   |           Plaintiff,            | The Honorable Gary A. Feess
13 |
   | vs.                             | [PROPOSED] STIPULATED
14 |                                 | PROTECTIVE ORDER
   | KELLY MOORE, an
15 | individual, and                 |
   | MAUREEN GRADY, an               | COMPLAINT FILED:   August 29, 2012
16 | individual,                     | IN LEAD CASE
   |                                 | TRIAL DATE: March 25, 2014
17 |           Defendants.           |
                                     | NOTE CHANGES MADE BY THE COURT.
18

19

20   AND RELATED ACTIONS

21

22

23

24

25

26

27

28  F:\CLIENTS\HAREWOOD-NANCY\PLEADINGS\PROTECTIVE ORDER.01.wpd     1

---

[PROPOSED] STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted. Accordingly, the parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary or private information. The parties reserve their rights to object to or withhold any information including confidential, proprietary or private information on any other applicable grounds permitted by law, including third party rights and relevancy.

2. **DEFINITIONS**

    2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) and that contains or constitutes the following:

(a) business plans, strategic plans, and marketing strategies or plans;

(b) unpublished literary works or materials;

(c) non-public market research, including market surveys and customer surveys;

(d) non-public financial and sales data, budgets and projections, and all information relating to revenues, costs, profits, cash flow, assets and liabilities, and reports containing such information;

(e) customer identities and customer financial information;

(f) the financial terms of agreements other than sales to the general public;

(g) descriptions of products or services that have not yet been made available for sale;

(h) licenses, license fees, and license agreements, and co-branding agreements;

(i) employment files and information required to be kept confidential under federal, state and local law; or

(j) information required to be kept confidential pursuant to an agreement or understanding with nonparties.

2.4 "Attorney's Eyes Only": Discovery Material or such portion of such material as consists of:

a) any commercially sensitive and/ or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins);

b) any business or financial information that is confidential, proprietary, or commercially sensitive to third parties who have had business dealings with parties to this action; or

c) any other category of material or information hereinafter given

Confidential status by the Court.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery, including the documents produced by Defendants for the purpose of settlement discussions prior to the time that this Stipulated Protective Order was entered into, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY."

2.9 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant. Moreover, the expert witness or consultant may not be a current employee or anticipated to become an employee of any entity who is a competitor of the Party adverse to the Party engaging the expert witness or consultant.

2.10 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in arbitration or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this ~~arbitration~~ *action*, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1 Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEY'S EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party

must designate, either in writing or on the record (at a deposition), which documents, or portions thereof, qualify for protection under this Order, then the Receiving Party must affix the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" legend at the top of each copied page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY").

    (b) for testimony given in deposition ~~or in other pretrial or trial proceedings~~, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, ~~hearing, or other proceeding~~, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

    Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY."

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

  6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party in writing. In

1  conferring, the challenging Party must explain the basis for its belief that the
2  confidentiality designation was not proper and must give the Designating Party an
3  opportunity to review the designated material, to reconsider the circumstances, and,
4  if no change in designation is offered, to explain the basis for the chosen designation.
5  A challenging Party may proceed to the next stage of the challenge process only if it
6  has engaged in this meet and confer process first.

7        6.3    <u>Court Intervention</u>. A Party that elects to press a challenge to a
8  confidentiality designation after considering the justification offered by the
9  Designating Party may file and serve a motion [subject to F.R. 37] that identifies the challenged material
10 and sets forth in detail the basis for the challenge. Each such motion must be
11 accompanied by a competent declaration that affirms that the movant has complied
12 with the meet and confer requirements imposed in the preceding paragraph and that
13 sets forth with specificity the justification for the confidentiality designation that was
14 given by the Designating Party in the meet and confer dialogue. The parties agree that
15 a confidentiality designation shall not create a presumption in favor of such
16 confidentiality designation, and that the Court shall decide the issue as such.

17       Until the Court rules on the challenge, all parties shall continue to
18 afford the material in question the level of protection to which it is entitled under the
19 Producing Party's designation.

20     7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

21       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material
22 that is disclosed or produced by another Party or by a non-party in connection with
23 this case only for prosecuting, defending, or attempting to settle this litigation. Such
24 Protected Material may be disclosed only to the categories of persons and under the
25 conditions described in this Order. When the litigation has been terminated, a

28     F:\CLIENTS\HAREDWOOD-NANCY\PLEADINGS\PROTECTIVE ORDER.01.wpd    9

[PROPOSED] STIPULATED PROTECTIVE ORDER

Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Party him or herself;

(b) the Receiving Party's outside counsel and in-house counsel, as well as paralegals and/or employees of said outside counsel or in-house counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) Board members, officers and directors of the Receiving Party;

(d) Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality obligations as part of their employment or who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) the Court personnel assigned to this litigation;

(g) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

1. "Agreement to Be Bound by Protective Order" (Exhibit A);

2. (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) the author and recipients of the document or the original source of the information.

7.3 **Disclosure of "ATTORNEY'S EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEY'S EYES ONLY" only to:

(a) the Party him or herself;

(b) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court personnel assigned to this litigation;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author and recipients of the document or the original source of the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL.** If any Protected Material is included with any papers filed with the court, the filing party <u>shall</u> file such Protected Material under seal in the manner set forth in California Central District Local Rule 79-5.1 and Judge Feess' Standing Order Re: Protective Orders and Treatment of Confidential Information, a copy of which is attached hereto as Exhibit "B", or other similar Court rules that may be controlling at the time of the filing of the Protected Material.

11. **FINAL DISPOSITION.** Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence

F:\CLIENTS\HAREWOOD-NANCY\PLEADINGS\PROTECTIVE ORDER.01.wpd

13

[PROPOSED] STIPULATED PROTECTIVE ORDER

or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 <u>Inadvertent Production of Privileged Documents</u>. If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the Producing Party. Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | | |
|---|---|---|
| 1 | DATED: April 19, 2013 | KRANE & SMITH, APC |
| 2 | | |
| 3 | | |
| 4 | | By: _____/s/ Ralph C. Loeb_____ |
| 5 | | RALPH C. LOEB<br>Attorneys for Plaintiff NANCY |
| 6 | | HAREWOOD |
| 7 | | |
| 8 | DATED: April 19, 2013 | BROWNE GEORGE ROSS LLP |
| 9 | | |
| 10 | | By: _____/s/ Peter Shimamoto_____ |
| 11 | | ERIC M. GEORGE<br>PETER SHIMAMOTO<br>Attorney for Defendant |
| 12 | | MAUREEN GRADY |
| 13 | DATED: April ___, 2013 | |
| 14 | | |
| 15 | | By: _____ |
| 16 | | MARK KESTER BROWN<br>Attorney for Defendant and Cross-<br>Complainant KELLY MOORE and |
| 17 | | Defendant SCHOLASTIC, INC. |
| 18 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.** | |
| 19 | DATED: April 23, 2013 | By: _____ |
| 20 | | Honorable Jay C. Gandhi<br>Magistrate Judge |

| | | |
|---|---|---|
| 1 | DATED: April___, 2013 | KRANE & SMITH, APC |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | RALPH C. LOEB<br>Attorneys for Plaintiff NANCY<br>HAREWOOD |
| 6 | | |
| 7 | DATED: April___, 2013 | BROWNE GEORGE ROSS LLP |
| 8 | | |
| 9 | | |
| 10 | | By: _____ |
| 11 | | ERIC M. GEORGE<br>PETER SHIMAMOTO<br>Attorney for Defendant<br>MAUREEN GRADY |
| 12 | DATED: April _19_ 2013 | |
| 13 | | |
| 14 | | |
| 15 | | By: _/s/ Mark Brown_____ |
| 16 | | MARK KESTER BROWN<br>Attorney for Defendant and Cross-<br>Complainant KELLY MOORE and<br>Defendant SCHOLASTIC, INC. |
| 17 | | |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: April___, 2013        By: _____
                                  Honorable Jay C. Gandhi
                                  Magistrate Judge

---

15

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Nancy Harewood v. Kelly Moore, et al.*, Case No. CV12-7448 GAF consolidated for all purposes with Case No. CV 12-07992 GAF (JCGx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

F:\CLIENTS\HAREWOOD-NANCY\PLEADINGS\PROTECTIVE ORDER.01.wpd

16

[PROPOSED] STIPULATED PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff(s),<br><br>v.<br><br>Defendant(s). | Case No. CV            -GAF<br><br>**STANDING ORDER RE: PROTECTIVE ORDERS AND TREATMENT OF CONFIDENTIAL INFORMATION** |

The Court has adopted the following substantive and procedural guidelines for protective orders, whether stipulated or not:

I. **Guidelines for Protective Order Provisions.**

    A. <u>**Clear and Precise**</u>. A protective order must be sufficiently precise and clear, so that:

        1. All parties and other persons who are bound by the order know precisely what they are required to do, permitted to do, and forbidden from doing.

        2. In the event that any party seeks to have another party who supposedly violated the order held in contempt, it is necessary that the order contain no ambiguity concerning

**EXHIBIT B**

the parties' rights and responsibilities.

**B.     Narrowly Tailored.** A protective order must be narrowly tailored and cannot be overbroad. Therefore,

1. The documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion. (For example, "blueprints," "customer lists," or "market surveys," etc.) It is not sufficient to use only the conclusory term "trade secrets."

2. In proposing or agreeing to the protection of "trade secrets," the definition for that term in California Civil Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation.[1]

**C.     Burden of Proof.** The party designating information, documents, materials or items as confidential bears the burden of establishing the confidentiality.

**D.     Procedures for Filing Confidential Information with the Court.** All Court orders will be presumptively available to the public. Therefore, if a protective order provides that evidence may be filed under seal and if a party does file such evidence under seal, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential. This will enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.

**E.     Use of Confidential Information at Trial.** In the event that the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2

available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

II. **Procedure for Obtaining Protective Order.**

    A. <u>**Stipulated Protective Orders**</u>. Any proposed stipulated protective order submitted to the Court shall reflect the guidelines set forth in this order. If satisfactory, the Court will sign the proposed protective order and cause it to be filed. If not satisfactory, the Court will return it to counsel, with reference to the provisions that have to be added or changed. Thereafter, any revised proposed stipulated protective order shall contain such modifications.

    B. <u>**Motions for a Protective Order**</u>. In the event that the parties are unable to agree upon the terms of a protective order, the procedure for obtaining such an order is that set forth in the Local Rules concerning discovery motions. In civil cases, the motion will be addressed to and resolved by the magistrate judge. The party initiating the motion shall ensure that the proposed order is attached to the joint stipulation. When filing the motion, the party seeking the protective order shall lodge with the court *in camera* copies of the evidence for which it seeks a protective order.

The Court thanks counsel for their anticipated cooperation and compliance with this order.

Dated: _____

                                                               **GARY ALLEN FEESS**
                                                                United States ~~District~~ Judge
                                                                        Magistrate